Opinion concurring in part and dissenting in part filed by Circuit Judge PLAGER.
PLAGER, Circuit Judge,
concurring-in-part and dissenting-in-part.
I join the court’s opinion and conclusions regarding the several issues addressing infringement of the '841 patent.
However, as a matter of efficient judicial process I object to and dissent from that part of the opinion regarding the '427 patent and its validity under § 101, the section of the Patent Act that describes what is patentable subject matter. I believe that this court should exercise its inherent power to control the processes of litigation, Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), and insist that litigants, and trial courts, initially address patent invalidity issues in infringement suits in terms of the defenses provided in the statute[1]: “conditions of patentability,” specifically §§ 102 and 103, and in addition §§ 112 and 251, and not foray into the jurisprudential morass of § 101 unless absolutely necessary.
At issue before the trial court was the validity of a patent (the '427 patent) which the patentee was attempting to enforce against an alleged infringer. The trial court had before it several summary judgment motions, including one addressing § 103 (obviousness), as well as one addressing § 101. The trial court chose to decide the case under § 101, rather than on the § 103 issue. In my view that was an error that this court can and should correct.
I respectfully dissent from the panel’s failure to insist that this case be heard and decided pursuant to the Patent Act’s requirements and the efficient administration of justice. I would vacate the trial court’s judgment regarding § 101 and remand for a determination of validity under the conditions of patentability raised by the parties, in this case specifically the § 103 issue.

. 35 U.S.C. § 282.